IN THE CIRCUIT COURT OF HOLMES COUNTY, MISSISSIPPI

KIMBERLY OUTLAW AS MOTHER AND
WRONGFUL DEATH BENEFICIARY OF
KAMAYA LLOYD, DECEASED                                    PLAINTIFF (S)

VS.                                         NO.    2019-0157
HOLMES COUNTY, MISSISSIPPI;
WILLIE MARCH, HOLMES COUNTY SHERIFF,                      DEFENDANT (S)
IN HIS OFFICIAL CAPACITY; AND
HOLMES COUNTY SHERIFF'S DEPARTMENT

### CERTIFICATION

I, Earline Wright Hart, Clerk of the Circuit Court of
Holmes County, Mississippi, do hereby certify that the following
pleadings are copies of the original documents filed in the above
styled and numbered cause.

GIVEN UNDER MY HAND AND SEAL OF OFFICE this the  28TH  day
of  AUGUST , 20 19 .

EARLINE WRIGHT HART, CIRCUIT CLERK
HOLMES COUNTY, MISSISSIPPI


BY: _Brenda Travis, D.C_



IN THE CIRCUIT COURT OF HOLMES COUNTY, MISSISSIPPI

KIMBERLY OUTLAW AS MOTHER AND
WRONGFUL DEATH BENEFICIARY OF
KAMAYA LLOYD, DECEASED                                        PLAINTIFF

VS.                                     CIVIL ACTION NO. 2019-0157

HOLMES COUNTY, MISSISSIPPI;
WILLIE MARCH, HOLMES COUNTY SHERIFF,
IN HIS OFFICIAL CAPACITY; AND
HOLMES COUNTY SHERIFF'S DEPARTMENT                            DEFENDANTS

## COMPLAINT

COMES NOW, the Plaintiff, Kimberly Outlaw, as Mother and Wrongful Death Beneficiary of Kamaya Lloyd, Deceased, through undersigned counsel, and files this Complaint against Defendants Holmes County, Mississippi; Willie March, Holmes County Sheriff, in his Official Capacity; and Holmes County Sheriff's Department; as follows:

## PARTIES

1.     Plaintiff, Kimberly Outlaw, is an adult resident citizen of Cruger, Holmes County, Mississippi.

2.     Defendant Holmes County, Mississippi, is a political subdivision of the State of Mississippi or an instrumentality thereof and may be served with the Summons and Complaint through the Holmes County Board of Supervisors President, Charlie Joiner, located in the Holmes County Chancery Court Building, 1 Courthouse Sq., Lexington, Mississippi 39095.

3.     Defendant, Willie March, is being sued in his official capacity as Holmes County Sheriff and may be served with the Summons and Complaint at the Holmes County Sheriff's

1

A.M. or P.M.) 2:48

JUL - 2 2019

EARLINE WRIGHT-HART CIRCUIT CLERK
Brenda Tran

Department. At all times relevant hereto, Defendant Willie March was employed as the Sheriff of Holmes County.

4.      Defendant, Holmes County Sheriff's Department is a political subdivision of the State of Mississippi or an instrumentality thereof and is being sued under the Mississippi Tort Claims Act.

## JURISDICTION AND VENUE

5.      This Court has jurisdiction over each of the Defendants and the subject matter of the claims made in this Complaint.

6.      Venue is proper in this matter as the cause of action occurred and/or accrued in Holmes County and at least one of the Defendants may be found there.

## COMPLIANCE WITH STATUTES

7.      Plaintiff has hereby complied with the Mississippi Tort Claims Act (hereinafter "MTCA") Miss. Code Ann.§ 11-46-1 *et seq.* by sending notice of claim letter on March 11, 2019 via Certified Mail to the Chancery Clerk of Holmes County, Mississippi, the Holmes County Board of Supervisors, and Holmes County Sheriff's Department/Sheriff Willie March. *See* copy of Notice of Claim letter attached hereto as Exhibit "A".

## FACTS

8.      On or about July 2, 2018, Kimberly Outlaw, attempted to get a permanent domestic violence protective order against Lavonta Lloyd at Holmes County Justice Court, for stalking and death threats.  Plaintiff had previously filed domestic violence charges against Lavonta Lloyd with Holmes County Justice Court on February 7, 2017.  Lavonta Lloyd had previously been arrested twice in Jackson, Mississippi on domestic violence charges in 2016 and

2017. A Petition for Domestic Abuse Protection Order, Cause No. 18-0081, was filed in Holmes

County Chancery Court on the afternoon of July 2, 2018.

9.      That same day Lloyd took his daughter, Kamaya, from a day care but later

returned her to her mother Ms. Outlaw that evening.

10.     On, or about July 3, 2018, Holmes Count deputies were called when Lloyd,

resurfaced at Ms. Outlaw's home in Cruger. Deputies chased Lloyd but he escaped into a nearby

cornfield. Deputies called off the search due to an inmate escaping the county's jail.

11.     On or about July 5, 2018, Lloyd kidnapped his daughter Kamaya from Ms.

Outlaw at gunpoint.  Lloyd fled Ms. Outlaw's house and subsequently murdered Kamaya.  This

was Lloyd's third time seeking to take Kamaya from Ms. Outlaw in the course of a week after

constant complaints, contact, and requests from not only the Plaintiff but members of her family.

12.     Despite their actual and constructive knowledge of Lavonta Lloyd's violent and

harmful conduct, the Defendants deliberately disregarded the risk and high probability of harm

associated with Lloyd's conduct. The negligence of the Holmes Sheriff's Department in

preventing this crime resulted in the murder of Kamaya Lloyd.  The Defendants proximately

caused her death and the damages suffered by the Plaintiff.

### COUNT I CLAIMS FOR RELIEF AGAINST DEFENDANTS HOLMES COUNTY SHERIFF'S DEPARTMENT; WILLIE MARCH, HOLMES COUNTY SHERIFF, IN HIS OFFICIAL CAPACITY; AND HOLMES COUNTY SHERIFF'S DEPARTMENT

13.     Plaintiff adopts and incorporates by reference the foregoing paragraphs.

14.     Defendant Holmes County Sheriff's Department; Defendant Willie March,

Holmes County Sheriff, in his Official Capacity; and Defendant Holmes County Sheriff's

Department individually, jointly, and severally, owed to Kamaya Lloyd an ordinary duty of care,

specifically, the duty provide reasonable measures for the protection of Kamaya Lloyd from foreseeable harm. Specifically, the Holmes County Sherriff's Department showed reckless disregard for the safety of Kamaya Lloyd and the Plaintiff. The Holmes County Sherriff's department showed a conscious indifference to the threats made against the minor child and the Plaintiff by Lavonta Lloyd.

15.    These Defendants knew that on several occasions before July 5, 2018, that Lavonta Lloyd had stalked and made death threats against Kamaya Lloyd and harassed Kimberly Outlaw by telephone; that Lavonta Lloyd had already kidnapped or attempted to kidnap Kamaya Lloyd twice previously; and that Kamaya Lloyd  and the Plaintiff were not reasonably safe.

16.    Despite their knowledge of these actions, the Defendants did nothing to remedy or protect the Plaintiff and Kamaya Lloyd. Moreover, the Defendants failed to apprehend Lavonta Lloyd.

17.    These Defendant's actions, omissions, and conduct were without just cause and in reckless, conscious, and/or knowing disregard for Kamaya Lloyd's rights and personal safety. Moreover, Defendants' actions, omissions, and conduct constituted gross negligence.

18.    As a direct and proximate result of the Defendants' negligence, Kamaya Lloyd was kidnapped and ultimately murdered.

## COUNT II: RESPONDEAT SUPERIOR

19.    Plaintiff re-alleges and incorporates by reference the preceding paragraphs above, as set forth in full hereinafter.

20.    Defendants are responsible for the acts and omissions, including the negligence and gross negligence, of its employees and agents under the doctrine of Respondeat Superior.

4

21.     The negligence and gross negligence of Defendants was a breach in the standard of care owed to Plaintiff and caused Plaintiff harm and severe, permanent damages.  Said negligence and gross negligence is imputed to their employers.

## COUNT III: FAILURE TO ADEQUATELY TRAIN AND SUPERVISE DEPUTIES

22.     Plaintiff re-alleges and incorporates by reference the preceding paragraphs above, as set forth in full hereinafter.

23.     The Defendants, Holmes County, Mississippi, Holmes County Sheriff's Department and Training Director, failed to provide adequate and competent training and/or supervision to the Defendants.  The Defendants are and were at the time of the injury, tasked with the non-delegable duty and responsibility to formulate, oversee, and implement official policies, procedures, practices and customs that were to be carried out by all employees.

24.     The Defendant March is the duly elected Sheriff of Holmes County, Mississippi, vested with the responsibility and authority to hire, train, supervise, set policies and procedures, enforce the policies and procedures adopted or otherwise implemented and to provide protections to citizens of Holmes County, Mississippi, including the Plaintiff by and on behalf of the Defendant Holmes County, Mississippi.

25.     Failure to provide adequate training and supervision and to allow a cover up was so grossly negligent that it amounted to a deliberate indifference and blatant disregard for the rights, privileges and immunities of the Plaintiff, and any other person or persons similarly situated.  Thus, because of the failure to adequately train and supervise and to allow a cover-up, the aforementioned Defendants are liable for Plaintiff's injuries, damages and the deprivation of civil rights associated therewith

5

26.     As a direct and proximate consequence of the aforementioned Defendants' failure to properly develop, implement, and/or otherwise devise a policy of adequate police training and/or supervision for its officers, the Plaintiff was deprived of certain constitutional rights, privileges and immunities which, if properly trained and supervised, every officer within the employment of Holmes County, Mississippi and the Holmes County Sheriff's Department would have known of the corresponding deprivation of their civil rights, privileges and immunities.

## DAMAGES

27.     Plaintiff re-alleges and incorporates by reference the preceding paragraphs above, as if set forth in full hereafter.

28.     As a result of Defendants' negligence, misrepresentations, and other conduct as alleged herein, Plaintiff sustained injuries and incurred substantial damages as listed below including, but not limited to the following:

    a.  Funeral expenses and bills;

    b.  Mental anguish and emotional distress;

    c.  Physical pain and suffering;

    d.  Inconvenience and discomfort;

    e.  Any other relief, economic or non-economic which the Court or jury deems just or appropriate pursuant to the laws of the State of Mississippi based upon the facts and circumstances of this case.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, Kimberly Outlaw, demands judgment from and against the Defendants jointly and severally, for compensatory damages as shown by the evidence, post-interest on the judgment, punitive damages if applicable, attorney's

fees, all costs, fees, and disbursements, and such other relief under the laws of the State of

Mississippi or of any kind to which the Plaintiff is otherwise entitled.

**RESPECTFULLY SUBMITTED**, this the 2nd day of July, 2019.

**PLAINTIFF KIMBERLY OUTLAW**

BY: _____

Cody W. Gibson

CODY W. GIBSON MSB# 103967
SCOTT MULLENNIX MSB#104859
GIBSON & MULLENNIX, PLLC
405 TOMBIGBEE ST.
JACKSON, MS 39201
601-948-9840
CWGIBSONLAW@GMAIL.COM

W. MATTHEW BURCH, ESQ.
Mississippi Bar No. 104217
Burch Law Firm, PLLC
Post Office Box 692
Madison, Mississippi 39130
Telephone: (601) 790-0175
Facsimile: (601) 510-9319

FILED 2:48
A.M. or P.M.
JUL - 2 2019
EARLINE WRIGHT-HART, CIRCUIT CLERK
BY _____ D.C.

| COVER SHEET<br>Civil Case Filing Form<br>*(To be completed by Attorney/Party*<br>*Prior to Filing of Pleading)* | Court Identification Docket #<br>**6 1 7**<br>County # | **C I**<br>Judicial<br>District | **C I**<br>Court ID<br>(CH, CI, CO) | Case Year<br>**2 0 1 9** | Docket Number<br>**7 0 1 5 1**<br>**C I 9**<br>Local Docket ID |
|---|---|---|---|---|---|

Mississippi Supreme Court   Form AOC/01
Administrative Office of Courts   (Rev 2016)

| **0 7  0 2  1 9** | | |
|---|---|---|
| Month | Date | Year |

This area to be completed by clerk

Case Number if filed prior to 1/1/94

In the  CIRCUIT  Court of  HOLMES  County —  Judicial District

**Origin of Suit (Place an "X" in one box only)**

| [X] Initial Filing | [ ] Reinstated | [ ] Foreign Judgment Enrolled | [ ] Transfer from Other court | [ ] Other |
|---|---|---|---|---|
| [ ] Remanded | [ ] Reopened | [ ] Joining Suit/Action | [ ] Appeal | |

**Plaintiff - Party(ies) Initially Bringing Suit Should Be Entered First - Enter Additional Plaintiffs on Separate Form**

Individual  OUTLAW                                      KIMBERLY
       Last Name        First Name       Maiden Name, if applicable   M.I.   Jr/Sr/III/IV

_____ Check ( x ) if Individual Plaintiff is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:
    Estate of  AS MOTHER AND WRONGFUL DEATH BENEFICIARY OF KAMAYA LLOYD, DECEASED
_____ Check ( x ) if Individual Plaintiff is acting in capacity as Business Owner/Operator (d/b/a) or State Agency, and enter entity:
    D/B/A or Agency

Business
    Enter legal name of business, corporation, partnership, agency - If Corporation, indicate the state where incorporated
_____ Check ( x ) if Business Plaintiff is filing suit in the name of an entity other than the above, and enter below:
    D/B/A

Address of Plaintiff  CRUGER, HOLMES COUNTY, MISSISSIPPI

Attorney (Name & Address)  CODY GIBSON, 405 TOMBIGBEE ST, JACKSON, MS 39201   MS Bar No.  103967
_____ Check ( x ) if Individual Filing Initial Pleading is NOT an attorney
Signature of Individual Filing:

**Defendant - Name of Defendant - Enter Additional Defendants on Separate Form**

Individual
       Last Name        First Name       Maiden Name, if applicable   M.I.   Jr/Sr/III/IV

_____ Check ( x ) if Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:
    Estate of
_____ Check ( x ) if Individual Defendant is acting in capacity as Business Owner/Operator (d/b/a) or State Agency, and enter entity:
    D/B/A or Agency

Business  HOLMES COUNTY, MISSISSIPPI
    Enter legal name of business, corporation, partnership, agency - If Corporation, indicate the state where incorporated
_____ Check ( x ) if Business Defendant is acting in the name of an entity other than the above, and enter below:
    D/B/A

Attorney (Name & Address) - If Known             MS Bar No.

_____ Check ( x ) if child support is contemplated as an issue in this suit.*
*If checked, please submit completed Child Support Information Sheet with this Cover Sheet
**Nature of Suit (Place an "X" in one box only)**

| Domestic Relations | Business/Commercial | Children/Minors - Non-Domestic | Real Property |
|---|---|---|---|
| [ ] Child Custody/Visitation | [ ] Accounting (Business) | [ ] Adoption - Contested | [ ] Adverse Possession |
| [ ] Child Support | [ ] Business Dissolution | [ ] Adoption - Uncontested | [ ] Ejectment |
| [ ] Contempt | [ ] Debt Collection | [ ] Consent to Abortion | [ ] Eminent Domain |
| [ ] Divorce:Fault | [ ] Employment | [ ] Minor Removal of Minority | [ ] Eviction |
| [ ] Divorce: Irreconcilable Diff. | [ ] Foreign Judgment | [ ] Other | [ ] Judicial Foreclosure |
| [ ] Domestic Abuse | [ ] Garnishment | Civil Rights | [ ] Lien Assertion |
| [ ] Emancipation | [ ] Replevin | [ ] Elections | [ ] Partition |
| [ ] Modification | [ ] Other | [ ] Expungement | [ ] Tax Sale: Confirm/Cancel |
| [ ] Paternity | Probate | [ ] Habeas Corpus | [ ] Title Boundary or Easement |
| [ ] Property Division | [ ] Accounting (Probate) | [ ] Post Conviction Relief/Prisoner | [ ] Other |
| [ ] Separate Maintenance | [ ] Birth Certificate Correction | [ ] Other | Torts |
| [ ] Term. of Parental Rights-Chancery | [ ] Mental Health Commitment | Contract | [ ] Bad Faith |
| [ ] UIFSA (eff 7/1/97; formerly URESA) | [ ] Conservatorship | [ ] Breach of Contract | [ ] Fraud |
| [ ] Other | [ ] Guardianship | [ ] Installment Contract | [ ] Intentional Tort |
| Appeals | [ ] Heirship | [ ] Insurance | [ ] Loss of Consortium |
| [ ] Administrative Agency | [ ] Intestate Estate | [ ] Specific Performance | [ ] Malpractice - Legal |
| [ ] County Court | [ ] Minor's Settlement | [ ] Other | [ ] Malpractice - Medical |
| [ ] Hardship Petition (Driver License) | [ ] Muniment of Title | Statutes/Rules | [ ] Mass Tort |
| [ ] Justice Court | [ ] Name Change | [ ] Bond Validation | [X] Negligence - General |
| [ ] MS Dept Employment Security | [ ] Testate Estate | [ ] Civil Forfeiture | [ ] Negligence - Motor Vehicle |
| [ ] Municipal Court | [ ] Will Contest | [ ] Declaratory Judgment | [ ] Premises Liability |
| [ ] Other | [ ] Alcohol/Drug Commitment (Involuntary) | [ ] Injunction or Restraining Order | [ ] Product Liability |
| | | [ ] Other | [ ] Subrogation |
| | | | [ ] Wrongful Death |
| | | | [ ] Other |

Alcohol/Drug Commitment (Voluntary) [ ]
Other [ ]

In the <u>CIRCUIT</u>_____ Court of <u>HOLMES</u>_____ County, Mississippi

_____ Judicial District, City of _____

Docket No._____ - _____ _____
  File Yr        Chronological No.      Clerk's Local ID

Docket No. If Filed
Prior to 1/1/94 _____

### DEFENDANTS IN REFERENCED CAUSE - Page 1 of __ Defendants Pages
### IN ADDITION TO DEFENDANT SHOWN ON CIVIL CASE FILING FORM COVER SHEET

**Defendant #2:**

**Individual:** <u>MARCH</u>_____ <u>WILLIE</u>_____ (_____) _____ _____
                Last Name              First Name            Maiden Name, if Applicable    Middle Init.    Jr/Sr/III/IV

___Check (✓) if Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:

  Estate of _____

_✓_Check (✓) if Individual Defendant is acting in capacity as Business Owner/Operator (D/B/A) or State Agency, and enter that name below:

  D/B/A <u>IN HIS OFFICIAL CAPACITY AS HOLMES COUNTY SHERIFF</u>_____

**Business** _____
            Enter legal name of business, corporation, partnership, agency - If Corporation, indicate state where incorporated

___Check (✓) if Business Defendant is being sued in the name of an entity other than the name above, and enter below:

  D/B/A _____

**Attorney for this Defendant:** _____ Bar # or Name: _____   *Pro Hac Vice* (✓)___ Not an Attorney(✓)___

**Defendant #3:**

**Individual:** _____ _____ (_____) _____ _____
                Last Name              First Name            Maiden Name, if Applicable    Middle Init.    Jr/Sr/III/IV

___Check (✓) if Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:

  Estate of _____

___Check (✓) if Individual Defendant is acting in capacity as Business Owner/Operator (D/B/A) or State Agency, and enter that name below:

  D/B/A _____

**Business** <u>HOLMES COUNTY SHERIFF'S DEPARTMENT</u>_____
            Enter legal name of business, corporation, partnership, agency - If Corporation, indicate state where incorporated

___Check (✓) if Business Defendant is being sued in the name of an entity other than the name above, and enter below:

  D/B/A _____

**Attorney for this Defendant:** _____ Bar # or Name: _____   *Pro Hac Vice* (✓)___ Not an Attorney(✓)___

**Defendant #4:**

**Individual:** _____ _____ (_____) _____ _____
                Last Name              First Name            Maiden Name, if Applicable    Middle Init.    Jr/Sr/III/IV

___Check (✓) if Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:

  Estate of _____

___Check (✓) if Individual Defendant is acting in capacity as Business Owner/Operator (D/B/A) or State Agency, and enter that name below:

  D/B/A _____

**Business** _____
            Enter legal name of business, corporation, partnership, agency - If Corporation, indicate state where incorporated

___Check (✓) if Business Defendant is being sued in the name of an entity other than the name above, and enter below:

  D/B/A _____

**Attorney for this Defendant:** _____ Bar # or Name: _____   *Pro Hac Vice* (✓)___ Not an Attorney(✓)___

# GIBSON & MULLENNIX, PLLC

### ATTORNEYS AT LAW

Cody W. Gibson, Esq
Tel: 601-948-9840
email: cwgibsonlaw@gmail.com

405 Tombigbee Street
Jackson, Mississippi 39201

Wm. Scott Mullennix, Esq.
Tel: 601-487-7370
email: mullennixlaw@gmail.com

August 7, 2019

Earline Wright-Hart
Holmes County Circuit Clerk
PO Box 718
Lexington, MS 39095

Re:     *Kimberly Outlaw as Mother and Wrongful Death Beneficiary of Kamaya Lloyd,
Deceased vs Holmes County, Mississippi; Willie March, Holmes County Sheriff, in his
Official Capacity; and Holmes County Sheriff's Department*

Dear Ms. Wright-Hart:

Please find enclosed the original and two copies of the Amended Complaint and two copies each of the Summonses to the Defendants in the above case. Please stamp, file, and return one copy of each in the self-addressed return envelope.

Respectfully,

Tracy Troth, Paralegal

FILED
10:00 A.M. or P.M.
AUG - 9 2019
EARLINE WRIGHT-HART, CIRCUIT CLERK
BY Brenda ___ D.C.

IN THE CIRCUIT COURT OF HOLMES COUNTY, MISSISSIPPI

KIMBERLY OUTLAW AS MOTHER AND
WRONGFUL DEATH BENEFICIARY OF
KAMAYA LLOYD, DECEASED                                    PLAINTIFF

VS.                                         CIVIL ACTION NO. 2019-0157

HOLMES COUNTY, MISSISSIPPI;
WILLIE MARCH, HOLMES COUNTY SHERIFF,
IN HIS OFFICIAL CAPACITY; AND
HOLMES COUNTY SHERIFF'S DEPARTMENT               DEFENDANTS

## AMENDED COMPLAINT

COMES NOW, the Plaintiff, Kimberly Outlaw, as Mother and Wrongful Death Beneficiary of Kamaya Lloyd, Deceased, through undersigned counsel, and files this Complaint against Defendants Holmes County, Mississippi; Willie March, Holmes County Sheriff, in his Official Capacity; and Holmes County Sheriff's Department; as follows:

## PARTIES

1.      Plaintiff, Kimberly Outlaw, is an adult resident citizen of Cruger, Holmes County, Mississippi.

2.      Defendant Holmes County, Mississippi, is a political subdivision of the State of Mississippi or an instrumentality thereof and may be served with the Summons and Complaint through the Holmes County Board of Supervisors, James Young President, located in the Holmes County Chancery Court Building, 1 Courthouse Sq., Lexington, Mississippi 39095, or the Holmes County Chancery Clerk, Henry Luckett who acts as the Clerk for the Board of Supervisors.

10:00 (A.M) or P.M. _____
FILED
AUG - 9 2019
EARLINE WRIGHT HART, CIRCUIT CLERK
BY Brenda Davis D.C.

1

3.     Defendant, Willie March, is being sued in his official capacity as Holmes County

Sheriff and may be served with the Summons and Complaint at the Holmes County Sheriff's

Department. At all times relevant hereto, Defendant Willie March was employed as the Sheriff

of Holmes County.

4.     Defendant, Holmes County Sheriff's Department is a political subdivision of the

State of Mississippi or an instrumentality thereof and is being sued under the Mississippi Tort

Claims Act, and may be served through the Sherriff, Willie March.

## JURISDICTION AND VENUE

5.     This Court has jurisdiction over each of the Defendants and the subject matter of

the claims made in this Complaint.

6.     Venue is proper in this matter as the cause of action occurred and/or accrued in

Holmes County and at least one of the Defendants may be found there.

## COMPLIANCE WITH STATUTES

7.     Plaintiff has hereby complied with the Mississippi Tort Claims Act (hereinafter

"MTCA") Miss. Code Ann.§ 11-46-1 *et seq.* by sending notice of claim letter on March 11, 2019

via Certified Mail to the Chancery Clerk of Holmes County, Mississippi, the Holmes County

Board of Supervisors, and Holmes County Sheriff's Department/Sheriff Willie March. *See* copy

of Notice of Claim letter attached hereto as Exhibit "A".

## FACTS

8.     On or about July 2, 2018, Kimberly Outlaw, attempted to get a permanent

domestic violence protective order against Lavonta Lloyd at Holmes County Justice Court, for

stalking and death threats.  Plaintiff had previously filed domestic violence charges against

Lavonta Lloyd with Holmes County Justice Court on February 7, 2017. Lavonta Lloyd had previously been arrested twice in Jackson, Mississippi on domestic violence charges in 2016 and 2017. A Petition for Domestic Abuse Protection Order, Cause No. 18-0081, was filed in Holmes County Chancery Court on the afternoon of July 2, 2018.

9.      That same day Lloyd took his daughter, Kamaya, from a day care but later returned her to her mother Ms. Outlaw that evening.

10.     On, or about July 3, 2018, Holmes Count deputies were called when Lloyd, resurfaced at Ms. Outlaw's home in Cruger. Deputies chased Lloyd but he escaped into a nearby cornfield. Deputies called off the search due to an inmate escaping the county's jail.

11.     On or about July 5, 2018, Lloyd kidnapped his daughter Kamaya from Ms. Outlaw at gunpoint. Lloyd fled Ms. Outlaw's house and subsequently murdered Kamaya. This was Lloyd's third time seeking to take Kamaya from Ms. Outlaw in the course of a week after constant complaints, contact, and requests from not only the Plaintiff but members of her family.

12.     Despite their actual and constructive knowledge of Lavonta Lloyd's violent and harmful conduct, the Defendants deliberately disregarded the risk and high probability of harm associated with Lloyd's conduct. The negligence of the Holmes Sheriff's Department in preventing this crime resulted in the murder of Kamaya Lloyd. The Defendants proximately caused her death and the damages suffered by the Plaintiff.

### COUNT I CLAIMS FOR RELIEF AGAINST DEFENDANTS HOLMES COUNTY SHERIFF'S DEPARTMENT; WILLIE MARCH, HOLMES COUNTY SHERIFF, IN HIS OFFICIAL CAPACITY; AND HOLMES COUNTY SHERIFF'S DEPARTMENT

13.     Plaintiff adopts and incorporates by reference the foregoing paragraphs.

14.     Defendant Holmes County Sheriff's Department; Defendant Willie March, Holmes County Sheriff, in his Official Capacity; and Defendant Holmes County Sheriff's Department individually, jointly, and severally, owed to Kamaya Lloyd an ordinary duty of care, specifically, the duty provide reasonable measures for the protection of Kamaya Lloyd from foreseeable harm.  Specifically, the Holmes County Sherriff's Department showed reckless disregard for the safety of Kamaya Lloyd and the Plaintiff.  The Holmes County Sherriff's department showed a conscious indifference to the threats made against the minor child and the Plaintiff by Lavonta Lloyd.

15.     These Defendants knew that on several occasions before July 5, 2018, that Lavonta Lloyd had stalked and made death threats against Kamaya Lloyd and harassed Kimberly Outlaw by telephone; that Lavonta Lloyd had already kidnapped or attempted to kidnap Kamaya Lloyd twice previously; and that Kamaya Lloyd  and the Plaintiff were not reasonably safe.

16.     Despite their knowledge of these actions, the Defendants did nothing to remedy or protect the Plaintiff and Kamaya Lloyd.  Moreover, the Defendants failed to apprehend Lavonta Lloyd.

17.     These Defendant's actions, omissions, and conduct were without just cause and in reckless, conscious, and/or knowing disregard for Kamaya Lloyd's rights and personal safety.  Moreover, Defendants' actions, omissions, and conduct constituted gross negligence.

18.     As a direct and proximate result of the Defendants' negligence, Kamaya Lloyd was kidnapped and ultimately murdered.

### COUNT II: RESPONDEAT SUPERIOR

4

19.     Plaintiff re-alleges and incorporates by reference the preceding paragraphs above, as set forth in full hereinafter.

20.     Defendants are responsible for the acts and omissions, including the negligence and gross negligence, of its employees and agents under the doctrine of Respondeat Superior.

21.     The negligence and gross negligence of Defendants was a breach in the standard of care owed to Plaintiff and caused Plaintiff harm and severe, permanent damages.  Said negligence and gross negligence is imputed to their employers.

## COUNT III: FAILURE TO ADEQUATELY TRAIN AND SUPERVISE DEPUTIES

22.     Plaintiff re-alleges and incorporates by reference the preceding paragraphs above, as set forth in full hereinafter.

23.     The Defendants, Holmes County, Mississippi, Holmes County Sheriff's Department and Training Director, failed to provide adequate and competent training and/or supervision to the Defendants.  The Defendants are and were at the time of the injury, tasked with the non-delegable duty and responsibility to formulate, oversee, and implement official policies, procedures, practices and customs that were to be carried out by all employees.

24.     The Defendant March is the duly elected Sheriff of Holmes County, Mississippi, vested with the responsibility and authority to hire, train, supervise, set policies and procedures, enforce the policies and procedures adopted or otherwise implemented and to provide protections to citizens of Holmes County, Mississippi, including the Plaintiff by and on behalf of the Defendant Holmes County, Mississippi.

25.     Failure to provide adequate training and supervision and to allow a cover up was so grossly negligent that it amounted to a deliberate indifference and blatant disregard for the

rights, privileges and immunities of the Plaintiff, and any other person or persons similarly situated. Thus, because of the failure to adequately train and supervise and to allow a cover-up, the aforementioned Defendants are liable for Plaintiff's injuries, damages and the deprivation of civil rights associated therewith

26.     As a direct and proximate consequence of the aforementioned Defendants' failure to properly develop, implement, and/or otherwise devise a policy of adequate police training and/or supervision for its officers, the Plaintiff was deprived of certain constitutional rights, privileges and immunities which, if properly trained and supervised, every officer within the employment of Holmes County, Mississippi and the Holmes County Sheriff's Department would have known of the corresponding deprivation of their civil rights, privileges and immunities.

## DAMAGES

27.     Plaintiff re-alleges and incorporates by reference the preceding paragraphs above, as if set forth in full hereafter.

28.     As a result of Defendants' negligence, misrepresentations, and other conduct as alleged herein, Plaintiff sustained injuries and incurred substantial damages as listed below including, but not limited to the following:

     a.  Funeral expenses and bills;

     b.  Mental anguish and emotional distress;

     c.  Physical pain and suffering;

     d.  Inconvenience and discomfort;

e. Any other relief, economic or non-economic which the Court deems just or appropriate pursuant to the laws of the State of Mississippi based upon the facts and circumstances of this case.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, Kimberly Outlaw, demands judgment from and against the Defendants jointly and severally, for compensatory damages as shown by the evidence, post-interest on the judgment, punitive damages if applicable, attorney's fees, all costs, fees, and disbursements, and such other relief under the laws of the State of Mississippi or of any kind to which the Plaintiff is otherwise entitled.

**RESPECTFULLY SUBMITTED**, this the 7th day of August, 2019.

**PLAINTIFF KIMBERLY OUTLAW**

BY: _____

Cody W. Gibson

CODY W. GIBSON MSB# 103967
SCOTT MULLENNIX MSB#104859
GIBSON & MULLENNIX, PLLC
405 TOMBIGBEE ST.
JACKSON, MS 39201
601-948-9840
CWGIBSONLAW@GMAIL.COM

W. MATTHEW BURCH, ESQ.
Mississippi Bar No. 104217
Burch Law Firm, PLLC
Post Office Box 692
Madison, Mississippi 39130
Telephone: (601) 790-0175
Facsimile: (601) 510-9319

FILED
10:00 A.M or P.M.
AUG - 9 2019
EARLINE WRIGHT-HART, CIRCUIT CLERK
BY_____ D.C.

7

**Gibson & Mullennix, PLLC.**
405 Tombigbee Street
Jackson, MS 39201
mullennixlaw@gmail.com
601-487-7370

*Certified Mail*
*Return Receipt Requested*
March 11, 2019

Holmes County Board of Supervisors, James Young, President
408 Court Square
PO Box 239
Lexington MS 39095-0239

Katherine B. Riley, Holmes County Board Attorney
Post Office Box 927
Lexington, MS 39095

Willie March, Sheriff
Holmes County Sheriff Department
23234 Highway 12 East
Lexington MS 39095

Mr. Henry Luckett
Chancery Clerk Holmes County, Mississippi
P.O. Box 1211
Lexington, Mississippi 39095

Re:    Kimberly Outlaw, as Mother and Wrongful Death Beneficiary of Kamaya Lloyd

**Mississippi Tort Claims Notice Pursuant to M.C.A. §11-46-1 and Other Applicable Laws
against the Holmes County and Holmes County Sheriff's Department**

Ladies and Gentlemen:

INTRODUCTION

We have been retained by Kimberly Outlaw, as Mother and Wrongful Death Beneficiary

of Kamaya Lloyd, to represent her in her efforts to recover damages, which were sustained on or

about July 5, 2018, when the Holmes County Sheriff's Department failed to act upon Kimberly

Outlaws numerous complaints and calls to the Holmes County Sheriff's Department, and their

failure to act was so carless and inattentive that it allowed Lavonte Lloyd, father of Kimberly Outlaw's daughter Kamaya Lloyd, to kidnap Kamaya Lloyd twice and on the second occasion shoot and murder Kamaya Lloyd.

## PURPOSE OF LETTER

The purpose of this letter is to set forth, on behalf of Kimberly Outlaw, a Mississippi Tort Claim Notice Pursuant to M.C.A. § 11-46-1, as amended, and other applicable laws.

## PARTIES

1.    The Plaintiff is:

   a.    Kimberly Outlaw, as Mother and Wrongful Death Beneficiary of Kamaya Lloyd, and Resident of Holmes County, 31 Patty Street Cruger, Mississippi 38924.  Outlaw lived in Holmes County at all relevant times relating to this case, including before, during, and after this incident.

2.    The Defendant is as follows:

   a.    Holmes County

   b.    Holmes County Sheriff's Department

   c.    Holmes County Sherriff, Willie March

## FACTS AND CIRCUMSTANCES

**Statement of the Facts and Circumstances Leading to the Damages sustained by Kimberly Outlaw**

On or about July 2, 2018, Kimberly Outlaw, attempted to get a permanent domestic violence protective order against Lavonte Lloyd, for stalking and death threats. A permanent domestic violence order was requested after stalking, death threats, and telephone harassment via both personal and work phone. Supporting documents were supplied but Kimberly was told that she needed to contact a lawyer.  All details were told

to Chancery Court staff and protection order completed. Per Mrs. Luckett's (Chancery court staff) request copies were immediately delivered to the Sheriff's Department and Kimberly's job. It was never said that there was a waiting period for the protection orders to take effect nor that I had to go before a judge. That same day Lloyd took his daughter, Kamaya, from a day care but later returned her to her mother Ms. Outlaw after great effort by Ms. Outlaw.

During this time period, Sheriff March was contacted and advised Kimberly to text him where Lavonta could be located and also stated he would look into the previous charges filed against him. Sherriff March returned Outlaw's call and stated he had no prior records of any charges against Lavonta that had been filed 2017 and that his office did not know of a protection order that was filed previously by Ms. Outlaw in July 2018.

On, or about July 3, 2018, Holmes Count deputies were called when Lloyd, resurfaced at Ms. Outlaw's home in Cruger. Deputies chased Lloyd but he escaped into a nearby cornfield. Deputies called off the search due to an inmate escaping the county's jail.

During the time period of this incident, July 2-6, 2018, Ms. Outlaw contacted Holmes County Sheriff's department at least six to seven (6-7) different occasions and possibly more. Immediately after returning to work, Kimberly contacted Sheriff March because Lavonta had taken KaMaya from daycare after the protection order was filed. Sheriff March told Outlaw there was nothing his office could do due to the fact that he was on the birth certificate. With the help of Kimberly's brother and Lavonta's step-mother, KaMaya was returned to her safely after failed attempts of seeking help from Sheriff March.

On or about July 5, 2018, Lloyd kidnapped his Kamaya from Ms. Outlaw at gunpoint.  Lloyd fled Ms. Outlaw's house and subsequently murdered Kamaya.   This was Lloyd's third time seeking to take Kamaya from Ms. Outlaw in the course of a week.  The negligence of the Sheriff's department in preventing this crime resulted in the murder of Kamaya Lloyd.

Over this period of time, Ms. Outlaw went to the Chancery Clerk and Justice Court Clerk to file for protective Orders as requested by the Sheriff's department.  Ms. Outlaw and her family even personally contacted the Sheriff, Willie March, on his personal cell phone to stop the harassment and protect her and her young daughter. However, even after all of the pleas and calls for help Mr. Lloyd still kidnapped and murdered Ms. Outlaw's minor child.

## WITNESSES

1.      Kimberly Outlaw

2.      Willie March

3.      Gwen Winston-Lloyd, Stepmother of Lavonte Lloyd

4.      Other Employees of Holmes County Sherriff's Department

5.      Ann Outlaw, Mother of Kimberly Outlaw

6.      Tony Outlaw, Jr., Brother of Kimberly Outlaw

7.      Tony Outlaw, Sr., Father of Kimberly Outlaw

8.      Veronica Amos, Co-worker of Kimberly Outlaw

9.      Deborah Landfair, Co-Worker of Kimberly Outlaw

10.     Holmes County Justice Court Staff

11.     Holmes County Chancery Staff

12.   Max McKinnley, Compliance Officer for Mallory Community Health Center

13.   Javares Outlaw, Brother of Kimberly Outlaw

14.   Lorenzo Benson

## DAMAGES

Kimberly Outlaw has sustained damages including but not limited to emotional distress, loss of her daughter, and other damages that may be shown at trial. Damages are in the amount of at least $1,000,000.00.

## REPRESENTATION

I am an attorney licensed to practice law in the State of Mississippi and I have been authorized by Kimberly Outlaw for damages sustained. In the event that the Holmes County, The Holmes County Sherriff's Department, or any other party has any interest in resolving this matter without litigation I am authorized to negotiate a settlement of this claim. If you have any questions please feel free to call me.

Sincerely,

Cody W. Gibson